## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00642

**KENT HYDE**, an individual

Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** an Illinois corporation

Defendant.

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant State Farm Mutual Automobile Insurance Company, an Illinois corporation ("State Farm") by and through its undersigned counsel, Messner Reeves LLP, files this Notice of Removal to remove the above captioned action from the District Court of Larimer County, Colorado to the United States District Court for the District of Colorado.

In support of this Notice of Removal, Defendant states follows:

## I.     INTRODUCTION

Plaintiff's counsel served his Amended Complaint against State Farm on February 26, 2018, setting forth the claim for relief upon which his action was based as "Uninsured Motorist – Declaratory Judgment," and "Breach of Contract – UIM Claim," in Larimer County District Court ("State Court Action").

State Farm, though counsel, waived service, and now removes this action to the United States District Court for the District of Colorado.

## II.   AUTHORITY FOR REMOVAL AND JURISDICTION OF THIS COURT

This is an action in which the district courts of the United States have diversity jurisdiction under the provisions of 28 U.S.C. §1331 because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co*., 529 F.3d 947, 952 (10th Cir. 2008).

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the District Court of Colorado because the State Court Action is currently pending in the District Court of Boulder County, Colorado, and this Court is therefore the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), State Farm has contemporaneously filed with the Clerk of the District Court of Larimer County, Colorado, and served on Plaintiff, a true and correct copy of this Notice of Removal.

## III.   BASIS FOR REMOVAL

First, the amount in controversy is satisfied because Plaintiff seeks nearly in excess of $75,000 in in damages. Plaintiff submitted a demand letter to State Farm for $100,000.00 and in expert reports submitted to State Farm, Plaintiff has indicated he is seeking damages for lost wages for $523,640-719,002.00. (**Exhibit M**, Demand Letter; **Exhibit N** Report of Jeffrey B. Opp).

"A plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail v*, 529 F.3d at 956. Moreover, Plaintiff indicated that the Simplified Civil Procedure did not apply to his case because he was seeking more than $100,000.00 from State Farm.  (**Exhibit B**).

Second, complete diversity of citizenship exists between the parties. It is undisputed that Plaintiff is a citizen of the State of Colorado. (Complaint, ¶ 1) and Defendant is an Illinois corporation (Complaint, ¶ 2).

## IV.    THIS NOTICE IS TIMELY FILED

Plaintiff's complaint was served on State Farm by personal service on January 25, 2018. Before State Farm answered, Plaintiff filed a dramatically different amended complaint on February 26, 2018. Defendant, through counsel, accepted service that same day of the pleading setting forth the claim for relief against State Farm. Accordingly, Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. §1446 as it is filed within thirty days of service of the Summons and Amended Complaint.

## V.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN ESTABLISHED

All pleadings and the register of action from the state court action have been attached to this Notice of Removal as required by 28 U.S.C. § 1446. (*See* Exs. A-K).  A copy of the docket sheet is attached hereto as **Exhibit L**.

In accordance with 28 U.S.C. § 1446(d), a Notice of Filing the Notice of Removal is being filed with the Clerk of the Larimer County District Court, and copies of the Notice of Filing of the Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel. If any questions arise as to the propriety of the removal action, Defendant respectfully requests the opportunity to present brief oral argument in support of their position that this case is removable.

WHEREFORE, Defendant respectfully removes this action from the Larimer County District Court of Colorado to the United States District Court for the District of Colorado based

upon the fact that amount in controversy and diversity of parties are both satisfied pursuant to 28 U.S.C. § 1332.

Respectfully submitted this 19th day of March, 2017.

Respectfully submitted,

MESSNER REEVES LLP

/s/ Adam M. Royval

CALEB MEYER, #34292
ADAM M. ROYVAL, #43836
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
E-mail: cmeyer@messner.com
aroyval@messner.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2018, I electronically filed and served the foregoing **NOTICE OF REMOVAL w**ith the Clerk of the Court using the CM/ECF System and additionally emailed to:

Loren M. Brown, #34837
CIANCIO CIANCIO BROWN, P.C.
390 Interlocken Crescent, Suite 350
Broomfield, Colorado 80021

/s/Tracey L. Zastrow

{02792813 / 1}