| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO | DATE FILED: December 15, 2017 3:56 PM<br>FILING ID: 263AF273DA2AD<br>CASE NUMBER: 2017CV31047 |
| COURT ADDRESS:<br>201 La Porte Ave, Suite 100<br>Ft. Collins, CO 80521 | |
| **Plaintiff:**<br><br>**KENT HYDE,**<br><br>**v.**<br><br>**Defendant:**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Loren M. Brown, #34837<br>CIANCIO CIANCIO BROWN, P.C.<br>390 Interlocken Crescent, Suite 350<br>Broomfield, Colorado 80021<br>Tel: 303-451-0300<br>Fax: 303-464-8000<br>E-Mail: lorenbrown@colo-law.com | Case No.:<br><br>Div.        Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Kent Hyde, by and through his counsel, Loren M. Brown, of Ciancio Ciancio Brown, P.C., and for his Complaint against Defendant State Farm, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1.    Kent Hyde, (hereinafter "Plaintiff") resides at 1615 Lincoln Court, Longmont, Colorado, 80501.

2.    State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm") is an Illinois Corporation in good standing, transacting business in the State of Colorado, with a principal Colorado office address of 1555 Promontory Circle, Greeley, Colorado 80638.

3.      On or about December 17, 2014, Plaintiff was injured in a motor vehicle collision caused by the negligent acts and/or omissions of Valarie Nelson, on Larimer County Road 21, north of the intersection with Meining Road, County of Larimer, State of Colorado.

4.      At all times relevant, Plaintiff was insured through and automobile insurance policy issued by Defendant State Farm, Policy No. 1136-437-06F (hereinafter "The Policy").

5.      At all times relevant, Plaintiff was and is entitled to the coverage, benefits, and protections of Underinsured Motorist coverage provided by The Policy.

6.      Subsequent to the collision, Plaintiff submitted personal injury claims to Ms. Nelson's automobile insurance carrier.  That claim was subsequently settled with the permission of Defendant State Farm.

7.      Plaintiff now seeks coverage, benefits, and protection through the Underinsured Motorist provisions of the policy issued by Defendant State Farm.

8.      Plaintiff's claims arise out of the above-mentioned motor vehicle collision, and jurisdiction and venue are proper in this Court pursuant to Rule 98(c)(5) of the Colorado Rules of Civil Procedure as the collision occurred in the County of Larimer, State of Colorado.

### GENERAL ALLEGATIONS

(Unless otherwise noted, all allegations set forth hereinafter are as to all times relevant to this Complaint.)

9.      On or about December 17, 2014, Plaintiff was injured in a motor vehicle collision caused by the negligent acts and/or omissions of Ms. Nelson on Larimer County Road 21, north of the intersection with Meining Road, County of Larimer, State of Colorado.

10.     Prior to the collision, Plaintiff was driving a 1998 GMC Sierra Truck southbound on Larimer County Road 21.

11.     Plaintiff brought his vehicle to a stop for a school bus that was directly in front of his vehicle.

12.     The school bus was actively off-loading children.

13.     At the same time, Ms. Nelson was driving a 2002 Hyundai Santa Fe southbound on Larimer County Road 21, approaching Plaintiff's position.

14.     As Ms. Nelson's vehicle approached Plaintiff's stopped vehicle, Ms. Nelson did not stop her vehicle before colliding with the rear of Plaintiff's vehicle.

15.     As a result, Ms. Nelson's vehicle forcefully collided with Plaintiff's vehicle.

16.     Plaintiff was injured as a result of the collision caused by Ms. Nelson.

17.     At all times relevant, Ms. Nelson was negligent in the operation of her vehicle.

18.     At all times relevant, Ms. Nelson was negligent per se in the operation of her vehicle.

19.     Plaintiff's injuries were the direct and proximate result of the negligence and negligence per se of Ms. Nelson.  Those injuries include significant injury to Plaintiff's wrist, medical expense, wage loss, noneconomic damages, and physical impairment.

20.     While pursuing the claim against Ms. Nelson, Plaintiff notified Defendant State Farm of the potential for UIM exposure and established a UIM claim with Defendant State Farm Under the Policy.

21.     The claims against Ms. Nelson were settled for the full policy limits carried by Ms. Nelson.

22.     Plaintiff completed settlement after first obtaining permission to settle from Defendant State Farm.

23.     Unfortunately, Ms. Nelson's policy limits were inadequate to fully compensate Plaintiff for the injuries, damages, and losses suffered by Plaintiff as a result of the collision.

24.     At all times relevant, Plaintiff was entitled to Underinsured Motorist ("UIM") coverage under The Policy issued by Defendant State Farm.

25.     At all times relevant, because Ms. Nelson carried insurance limits inadequate to fully compensate Plaintiff, Ms. Nelson was an Underinsured Motorist.

26.     As a result, Plaintiff is entitled to UIM coverage, benefits, and protection through the Policy issued by Defendant State Farm.

27.     Subsequent to settlement, Plaintiff continued to pursue his UIM claim under The Policy.

28.     At present, the claim remains unresolved.

## FIRST CLAIM FOR RELIEF
### (Underinsured Motorist – Declaratory Judgement)

29.     Plaintiff incorporates the allegations of the preceding paragraphs as fully set forth herein.

30.     Plaintiff suffered injuries, damages, and losses as a result of the underlying motor vehicle collision.

31.     The at fault driver, Ms. Nelson, carried inadequate coverage to fully compensate Plaintiff for the injuries, damages, and losses suffered as a result of the collision.

32.     As a result, Ms. Nelson was an underinsured motorist.

33.     Plaintiff is entitled to UIM coverage, benefits, and protection through The Policy issued by Defendant State Farm.

34.     Plaintiff and Defendant State Farm have not agreed as to the amount necessary to compensate Plaintiff for damages suffered by Plaintiff as a result of the underlying collision and the amount Plaintiff is entitled to recover under the UIM provisions of The Policy.

35.     Plaintiff has made a demand for UIM coverage, benefits, and protection with Defendant State Farm.

36.     Plaintiff's UIM coverage, benefits, and protections are lawfully past due and owing to him.

37.     Pursuant to the provisions of C.R.S. § 13-51-101, *et. seq.*, and C.R.C.P. 57, Plaintiff requests this court to determine his rights under The Policy.

## SECOND CLAIM FOR RELIEF
### (Negligence and Negligence Per Se -- UIM Claim)

38.     Plaintiff incorporates the allegations of the preceding paragraphs as fully set forth herein.

39.     At all times relevant, Ms. Nelson had a duty to exercise reasonable care in the operation of her motor vehicle.

40.     Ms. Nelson breached her duty by failing to maintain control of her vehicle, resulting in the automobile collision mentioned above.

41.     Therefore, Ms. Nelson was negligent in the operation of her motor vehicle.

42.     Furthermore, Ms. Nelson's conduct constitutes negligence per se as she violated C.R.S. § 42-4-1402 (Careless Driving).

43.     As a direct and proximate result of the negligence and negligence per se of the underinsured driver, Ms. Nelson, Plaintiff has suffered damages for past and future economic loss, past and future noneconomic loss, and past and future permanent physical impairment.

44.     Defendant State Farm is responsible for the uncompensated damages caused by Ms. Nelson, and has not yet made payment for those damages.

        WHEREFORE, Plaintiff demands that judgment be entered in his favor and against the Defendant in an amount to be determined by the trier of fact, plus interest as provided by State law from the date of injury, and from the date of filing, plus costs of this action, including expert witness fees and post-judgment interest, and for such other and further relief allowed by law and as this Court deems just.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**

        DATED on this 15th day of December, 2017.

                                        Respectfully Submitted,

                                        *Original signature on file at the law offices of Ciancio Ciancio Brown, P.C.*

                                        */s/ Loren M. Brown*

                                        _____
                                        Loren M. Brown, #34837
                                        Ciancio Ciancio Brown, P.C.
                                        ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
1615 Lincoln Court
Longmont, Colorado, 80501